**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Patricia Craig, Appellant,

v.

E. Earl Jenkins, Jr., M.D., also known as Everett Earl Jenkins, Jr., M.D.; Amisub of South Carolina, Inc. d/b/a Piedmont Medical Center; and York Pathology Associates, LLC, Respondents.

Appellate Case No. 2015-002174

———————

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-206
Submitted April 1, 2018 – Filed May 9, 2018

———————

**AFFIRMED**

———————

R. Bentz Kirby and Glenn Walters, Sr., of Glenn Walters & Associates, PA, of Orangeburg, for Appellant.

Julius W. McKay, II, of McKay Cauthen Settana & Stubley, PA; Kelli Lister Sullivan, of Clawson & Staubes, LLC; and Andrew F. Lindemann, of Lindemann, Davis & Hughes, PA, all of Columbia, for Respondents E. Earl Jenkins, Jr., M.D., and York Pathology Associates, LLC.

William U. Gunn, of Holcombe Bomar, PA, and John Hollis Inabinet, both of Spartanburg, for Respondent Amisub of SC d/b/a Piedmont Medical Center.

---

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP (providing summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *BPS, Inc. v. Worthy*, 362 S.C. 319, 324, 608 S.E.2d 155, 158 (Ct. App. 2005) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard [that] governs the trial court under Rule 56(c), SCRCP . . . ."); *id.* at 325, 608 S.E.2d at 158 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *Guinan v. Tenet Healthsystems of Hilton Head, Inc.*, 383 S.C. 48, 54-55, 677 S.E.2d 32, 36 (Ct. App. 2009) ("A party claiming summary judgment is premature because they have not been provided a full and fair opportunity to conduct discovery must advance a good reason why the time was insufficient under the facts of the case, and why further discovery would uncover additional relevant evidence and create a genuine issue of material fact."); *Melton v. Medtronic, Inc.*, 389 S.C. 641, 655, 698 S.E.2d 886, 893 (Ct. App. 2010) ("[A] patient alleging medical malpractice must provide evidence, through expert testimony, showing (1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the physician's field of medicine under the same or similar circumstances, and (2) that the physician departed from the recognized and generally accepted standards."); *Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 330 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* ("Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial."); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 250, 626 S.E.2d 1, 5 (2006) ("Regardless of the area in which the prospective expert witness practices, he must set forth the applicable standard of care for the medical procedure under scrutiny and he must demonstrate to the court that he is familiar with the standard of care."); *Harris Teeter, Inc. v. Moore & Van Allen, PLLC*, 390 S.C. 275, 289,

701 S.E.2d 742, 749 (2010) (holding a "conclusory statement that Respondents breached the standard of care does not create a genuine issue of material fact").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.